JUERGEN STENGEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stengel v. Commissioner
Docket Nos. 2593-91, 6557-91
United States Tax Court
T.C. Memo 1992-570; 1992 Tax Ct. Memo LEXIS 589; 64 T.C.M. (CCH) 903; T.C.M. (RIA) 92570; September 24, 1992, Filed Decision will be entered for respondent at docket No. 2593-91 except as to the addition to tax under sec. 6661 for 1987. Decision will be entered for respondent at docket No. 6557-91. Juergen Stengel, pro se. Paul B. Burns, for respondent. COHEN, Judge
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION These two cases were consolidated upon joint motion of the parties. By notice of deficiency dated December 28, 1990, respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec. 6661
1987
$ 5,213 $ 261 50% of the  $ 1,303
interest due
on $ 5,213
Year
Deficiency
Addition to Tax, Sec. 6653(a)(1)
1988
$ 4,379 $ 219 By separate notice of deficiency dated March 5, 1991, respondent determined the following deficiency in, and addition to, petitioner's Federal income tax: Year
Deficiency
Addition to Tax, Sec. 6662(b)(1)
1989
$ 5,394.00
$ 1,078.80
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, *590 and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner has not addressed, either in his trial memorandum or at trial, respondent's disallowance of Schedule C losses for 1987 and 1988 claimed in connection with a reported horse breeding business and a reported plumbing business. He presented no evidence on these issues. We deem these issues to have been abandoned, and thus conceded, by petitioner. At the call of the calendar in this matter, respondent conceded that petitioner is not liable for the addition to tax determined for 1987 under section 6661. Two issues remain for our disposition: Whether, for each of the years at issue, petitioner is (1) entitled to a section 165 loss deduction and (2) liable for an addition to tax for negligence. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated herein by this reference. Petitioner timely filed his 1987, 1988, and 1989 Federal income tax returns as a single taxpayer. At the time of the filing of the petitions in these cases, petitioner resided at Glen Avon, California. Petitioner was educated as a marine engineer at the Hamburg Engineering School, *591 Hamburg, Federal Republic of Germany, and received a certificate of satisfactory completion in 1963. He was born in Germany in 1932, emigrated to the United States in 1966, and became a U.S. citizen in 1971. In 1973, petitioner suffered permanent injury to his hands that rendered him unable to work as a marine engineer. Petitioner was not compensated by insurance or otherwise for the loss in his future earnings potential that resulted from the injury. During the years at issue, petitioner worked as both a machinist and an inspector for the General Electric Company, Aircraft Engines Division (GE). The wages he earned at GE were less than those he would have earned as a marine engineer. Petitioner prepared his own original income tax returns for 1987, 1988, and 1989, in which he claimed casualty loss deductions in the amounts of $ 24,368, $ 19,728, and $ 43,828, respectively. These amounts are equal to the difference between what petitioner earned at GE and what he estimated he would have earned as a marine engineer. For each of 1987, 1988, and 1989, petitioner reported no Federal income tax due. Subsequent to the issuance of the statutory notices of deficiency, petitioner *592 mailed amended returns (Forms 1040X) to respondent for each year at issue. In the amended returns, petitioner sought increased casualty loss deductions for each year. Respondent has made no determination with respect to the information in petitioner's amended returns for 1987, 1988, or 1989. OPINION We first address a matter petitioner raised at trial. Petitioner sought to have us redetermine his taxes based upon the information in the amended returns, rather than upon the original returns that formed the basis for the statutory notices. The Court advised petitioner that, as a matter of law, amended returns mailed after the issuance of the statutory notices have no effect on the issues to be decided at trial. Respondent chose not to accept the information in the amended returns, which is within her discretion. See . As we stated in , "Even if she had done so, we note that the deficiency notice would still remain valid." In addition, the only changes of significance in petitioner's amended returns from the original *593 returns are increases in the claims for loss deductions. We hold below that petitioner is not entitled to any such loss deduction. Consequently, even as amended, petitioner's returns are erroneous. Petitioner also contends that the notices of deficiency are inaccurate inasmuch as respondent's own statement of account for petitioner reflects a balance due of only $ 99.56 as of July 6, 1992. This contention demonstrates a misunderstanding by petitioner of the legal implications of the notices of deficiency. The deficiencies in, and additions to, tax determined therein cannot be assessed and collected by respondent (and thus not included in a statement of account to petitioner) unless and until a decision in the case is entered by this Court in favor of respondent. Sec. 6213(a). We turn to discussion of the principal issue in this case. Section 165(a) provides generally that "There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." Under section 165(c), losses of individuals are limited to: (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit * * *594 *; and (3) except as provided in subsection (h), losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. Petitioner categorizes his claimed loss deductions as casualty losses, but whether they were claimed under section 165(c)(1), (2), or (3) is not important; regardless, petitioner did not sustain a deductible loss as contemplated in section 165 during any of the taxable years at issue. Petitioner argues that the injury he sustained to his hands was an unusual, sudden, and unexpected event that resulted in an uncompensated loss of his future earnings capacity as a marine engineer. He points to Internal Revenue Service Publication 547 and "Lasser's Your Federal Income Tax" in support of his argument. The publications upon which petitioner relies are not legal authority and do not control the outcome of this issue. Moreover, after studying the relevant portions of these publications, we conclude that nothing in them justifies the position taken by petitioner. The law is clear regarding a failure to realize anticipated future income. Such failure *595 is not a loss contemplated by section 165. As the Supreme Court succinctly stated in , "Nothing in section 23(e) [currently at section 165] indicates that Congress intended to allow petitioner to reduce ordinary income actually received and reported by the amount of income he failed to realize." In a situation analogous to the one at bar, the Court of Appeals for the Ninth Circuit, the circuit to which this case is appealable, affirmed this Court's decision disallowing a taxpayer's claim of a loss deduction for the amount of salary differential between that of a clerk-typist and that of a teacher where, as here, the taxpayer had unexpectedly lost her ability to perform the job for which she had been trained. , affg. . See also . Petitioner's situation is not distinguishable from the foregoing cases. The amount he seeks to deduct as a loss is the amount he would have realized had he worked as a marine engineer *596 less the amount he did realize working for GE. Thus, his failure to realize anticipated income is not a deductible loss under section 165. Also at issue in this case are respondent's determinations that for each year petitioner is liable for additions to tax for negligence. For 1987 and 1988, there shall be added to the tax an amount equal to 5 percent of the underpayment of tax if any portion of such underpayment is attributable to negligence. Sec. 6653(a)(1). For 1987, there is also added to the tax an amount equal to 50 percent of the statutory interest due on the portion of the underpayment of tax attributable to negligence. Sec. 6653(a)(1)(B). Negligence, in the context of section 6653(a)(1), means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . With respect to 1989, petitioner is subject to an addition to tax equal to 20 percent of the underpayment of tax attributable to negligence. Sec. 6662(b)(1). For 1989, the above reasonableness standard for negligence is essentially codified at section 6662(c), which defines negligence *597 to include "any failure to make a reasonable attempt to comply with the provisions of this title". Respondent's determination that petitioner's underpayment was due to negligence is presumptively correct, and petitioner has the burden of proving it incorrect. Rule 142(a); , affg. ; . Petitioner has offered no evidence respecting the abandoned and conceded disallowance of claimed Schedule C losses for 1987 and 1988. Furthermore, he has failed to persuade us that he did not act negligently in claiming casualty loss deductions for the years at issue. Petitioner's claimed reliance on private publications and Publication 547 was not reasonable in light of the weight of authority against his position. The absence of any express language in these publications supporting petitioner's claim militates against our finding that he acted reasonably. He admitted during trial that he and the lawyer who filed the petitions in these cases "parted our ways" because petitioner did not agree *598 with the lawyer's advice about the law. We conclude that petitioner simply refuses to accept the law, and we are not persuaded that he made a reasonable attempt to comply with the applicable law. Accordingly, we sustain the additions to tax for negligence. To reflect the foregoing and concessions, Decision will be entered for respondent at docket No. 2593-91 except as to the addition to tax under sec. 6661 for 1987. Decision will be entered for respondent at docket No. 6557-91.